IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**MERYL STANLEY MCDONALD,**

    **Plaintiff,**

vs.                                                   Case No. 4:06cv322-WS/WCS

**STATE OF FLORIDA, and the
SUPREME COURT OF FLORIDA,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983 in the Middle District of Florida. Doc. 1. The case was transferred to this Court and, after granting Plaintiff leave to proceed *in forma pauperis*, Plaintiff paid an assessed filing fee and, although the complaint is not on court forms as is usually required by local court rules, the complaint has been reviewed pursuant to 28 U.S.C. § 1915A.

Plaintiff states that he is challenging the "constitutional authority" of FLA. STAT. § 27.710, and seeks only injunctive and declaratory relief in this case. Doc. 1. Plaintiff alleges that under § 27.210, the Florida Supreme Court is responsible for overseeing all

capital cases and insuring that collateral counsel provides competent representation. *Id.* Plaintiff has collateral counsel, but believes that he has meritorious claims which were not raised by counsel. Thus, Plaintiff attempted to file a *pro se* motion in the Supreme Court to raise his claims, but the Court denied his motion relying on <u>Davis v. State</u>, 789 So.2d 978 (Fla. 2001). *Id.* Plaintiff challenges that denial and argues that, while the <u>Davis</u> decision does prohibit *pro se* representation in a direct appeal, the decision "<u>does not</u> prohibit the Supreme Court of Florida to consider a motion in a collateral proceeding appeal when a defendant asserts that collateral counsel has failed to provide effective representation." *Id.* Plaintiff contends that the Court's "failure to adhere to state statutes and their own internal operating procedures" will be an impediment to his efforts to exhaust all issues before filing a federal petition for writ of habeas corpus. *Id.* Accordingly, Plaintiff argues that he is being deprived of his constitutional "right to pursue an effective state appeal relating to the exhaustion doctrine." *Id.*

Plaintiff raises a due process claim and contends that FLA. STAT. § 27.710 entitles him to "quality representation by Capital Collateral Regional Counsel." Doc. 1. He asserts that the statute is not consistently applied and there is "no set standard as" to the experience required for the appointment of collateral counsel. *Id.* He also claims that "some death row inmates are assigned collateral counsel" who raise meritorious claims, while "other death row inmates, including plaintiff, have fallen into a dark tunnel whereby there exists no light at the end." *Id.* Plaintiff also claims that FLA. STAT. § 27.710 deprives him of equal protection and due process of law. *Id.* Plaintiff contends that the Supreme Court's prohibition against him filing a *pro se* motion deprives him of

access to the Courts and due process.  *Id.*  As relief, Plaintiff seeks a declaration that FLA. STAT. § 27.710 creates a "due process right to adequate representation in state and federal collateral proceedings."  *Id.*  He also seeks a declaration that the State of Florida and the Supreme Court of Florida have deprived him of access to the courts, equal protection, and due process.  *Id.*  Plaintiff wants an injunction to prevent Defendants "from implementing or enforcing any procedural bars in Federal Court under 28 U.S.C. § 2254."  *Id.*  Without intervention by this Court, Plaintiff asserts that he "will be barred from asserting claims[1] in federal court which were not preserved by exhaustion in state court."  *Id.*

It is evident that Plaintiff currently has an appeal pending before the Florida Supreme Court concerning his criminal conviction.  Plaintiff is currently incarcerated on that conviction.  To provide any relief to Plaintiff in this matter would necessarily entail this Court issuing an order to the Florida Supreme Court directing it to allow Plaintiff to file documents *pro se* in that court.  Such an order would interfere with the state court's ability to control its docket and address its own affairs.  This Court is not permitted to remedy Plaintiff's situation.

The federal courts, by virtue of 28 U.S.C. § 2283, generally lack the power to enjoin pending state court proceedings, "except as expressly authorized by Act of

---

[1] The claims Plaintiff states he seeks to raise but which are impeded are: (1) ineffectiveness of trial counsel for not protecting Plaintiff's speedy trial rights; (2) due process claim for a conspiracy to present false or misleading evidence, and the denial of an evidentiary hearing to consider the fraudulent nature of such evidence; (3) ineffectiveness of trial counsel for not adequately investigating and challenging certain items of evidence; (4) that the State of Florida lacked jurisdiction because the autopsy report failed to establish the cause of death; and (5) the denial of Plaintiff's motion for discovery.  Doc. 1.

Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  Independent of the statutory limitation on the federal injunctive power, basic considerations of federalism and comity led to the development of an "abstention doctrine" which guards against federal interference with pending state criminal proceedings.  Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).  In Younger, the United States Supreme Court held that an ongoing state criminal proceeding may not be enjoined "except under special circumstances."[2]  *Id.* at 41, 91 S. Ct. at 749.  There are not such extraordinary circumstances present in this case to warrant federal interference.

Moreover, applying Younger's abstention doctrine is appropriate when the type of relief requested by the plaintiff "would, inevitably, interfere with every state criminal proceeding."  Luckey v. Miller, 976 F.2d 673, 677 (11th Cir. 1992); *see also* Pompey v. Broward County, 95 F.3d 1543 (11th Cir. 1996).  In part, Plaintiff's request for relief could have that result as he is raising a challenge to what he believes is a systemic problem in Florida.[3]  Providing relief to Plaintiff would be intrusive to Florida's courts and violate important principles of federalism and comity.  Abstention is required in such a case.  Should Plaintiff believe that his due process rights are being violated in the appeal process of his conviction, he may raise those claims in an appeal to the United States Supreme Court.  However, this § 1983 civil rights case may not be used to seek

---

[2] Such "extraordinary circumstances" include a finding that the state proceeding is motivated by a desire to harass or is brought in bad faith.  Trainor v. Hernandez, 431 U.S. 434, 447, 97 S.Ct. 1911, 1919, 52 L.Ed.2d 486 (1977); Moore v. Sims, 442 U.S. 415, 425-26, 99 S.Ct. 2371, 2377-78, 60 L.Ed.2d 994 (1979).

[3] In Kowalski v. Tesmer, 543 U.S. 125, 125 S.Ct. 564, 160 L.Ed.2d 519 (2004), the Court noted the confusion which arises if Younger is circumvented.

review of Plaintiff's criminal appeal as it proceeds in the Florida Supreme Court.  Any injunction from this Court would interfere with that court's ability to perform its judicial functions.  *See* Wexler v. Lepore, 385 F.3d 1336, 1341 (11th Cir. 2004).  Accordingly, this case must be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and because the claims are barred by the Younger abstention doctrine, and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on November 7, 2006.

   s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**